## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

—————

No. 18-11184
Summary Calendar

—————

United States Court of Appeals
Fifth Circuit

**FILED**
August 8, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DAVID ROY WILLIAMS,

Defendant - Appellant

—————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-11-1

—————

Before BARKSDALE, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

A jury convicted David Roy Williams of four counts of health-care fraud, in violation of 18 U.S.C. § 1347. The evidence at trial established Williams, who was not a medical doctor or licensed by the Texas Medical Board in any capacity, provided fitness and exercise training to individuals and then fraudulently billed health-insurance programs for his services. He was

———————

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 18-11184

sentenced to, *inter alia*, concurrent terms of 110 months' imprisonment on each count.

In contesting his convictions, Williams claims the district court abused its discretion in denying his requested jury instruction on a good-faith defense. As reflected above, the refusal to issue a jury instruction is reviewed for abuse of discretion. *United States v. Orji-Nwosu*, 549 F.3d 1005, 1008 (5th Cir. 2008).

The district court errs in rejecting a requested instruction only if it was: "substantially correct"; was related to an "issue . . . not substantially covered in the charge" given to the jury; and, "concern[ed] an important point in the trial so that the failure to give it seriously impaired the defendant's ability to effectively present a given defense". *United States v. John*, 309 F.3d 298, 304 (5th Cir. 2002) (internal quotations and citation omitted). Our court has held it is not an abuse of discretion to refuse a requested good-faith instruction if defendant is able to present his good-faith defense to the jury through evidence, closing arguments, or other jury instructions. *United States v. Brooks*, 681 F.3d 678, 705 n.22, 708 n.26 (5th Cir. 2012).

Williams has not shown the omission of his requested instruction impaired his good-faith defense because he raised the defense in several ways during trial. In addition, the specific-intent jury instruction substantially covered the good-faith defense, as it noted the exception for mistakes and accidents. *See Orji-Nwosu*, 549 F.3d at 1008; *John*, 309 F.3d at 304.

AFFIRMED.